# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLES WIDEMAN,

       Petitioner,                                Case No. 07-11814

v.                                                 Honorable John Corbett O'Meara

DOUG VASBINDER,

       Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Charles Wideman, a state inmate, presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner was found guilty of (1) armed robbery, MICH.COMP.LAWS § 750.529, (2) assault with intent to do great bodily harm less than murder, MICH.COMP.LAWS § 750.84, (3) felon in possession of a firearm, MICH.COMP.LAWS § 750.224f, and (4) possession of a firearm during the commission of a felony, MICH.COMP.LAWS § 750.227b, in the Wayne County, Michigan, Circuit Court. He was sentenced, as a habitual offender, fourth, to fifty to one hundred years imprisonment for the armed-robbery conviction, life in prison for the assault conviction, forty months to five years imprisonment for the felon-in-possession conviction, and five years imprisonment for the felony-firearm conviction. In his pleadings, Petitioner raises four issues, alleging that he is incarcerated in violation of his constitutional rights. Respondent has filed an answer to the petition, asserting that the claims lack merit because the decision of the Michigan Court of Appeals did not result in an objectively unreasonable application of clearly established Supreme Court law. The Court agrees.

Therefore, the petition will be denied.

I.

This Court adopts the findings of fact as outlined in the Michigan Court of Appeals' decision. Those facts are presumed to be correct under 28. U.S.C. § 2254(e)(1), and are as follows:

> On February 27, 2004, James Wallace drove to a restaurant in Detroit. Beth Brantley accompanied Wallace. Wallace parked his vehicle in front of the restaurant. On her way into the restaurant, Brantley noticed [Petitioner] standing near the corner of the building, talking on a telephone. [Petitioner] asked her the time. Brantley told [Petitioner] that it was 7:05 p.m., and continued to enter the restaurant. As Wallace exited his vehicle, [Petitioner] approached him, grabbed his arm, and placed a gun in his stomach. [Petitioner] demanded that Wallace give him money and told Wallace that, "[he knew] what this [was] about." [Petitioner] pinned Wallace down and began to pat him down. Wallace was able to retrieve a change purse from his right pocket and told [Petitioner] to "take it." Wallace's change purse contained approximately $12. [Petitioner] took the money, told Wallace, "I ought to kill you," and fired the gun at Wallace, shooting him in the right leg. [Petitioner] then turned and ran away.
>
> Detroit Police Officer Jason McDonald received [Petitioner's] description and later found him a block away from the crime scene. Officer McDonald stopped [Petitioner], but he did not believe he had enough information to make an arrest at that time.
>
> Officer McDonald brought Wallace into the police precinct after he was discharged from the hospital the following morning. Officer McDonald showed Wallace a group of photographs to determine whether Wallace could select the person who shot him. [Petitioner's] photograph was included in the photo lineup. Wallace selected [Petitioner's] photograph from the group of photographs. Brantley likewise identified [Petitioner's] photograph as the man who shot Wallace. Based on this information, Officer McDonald secured a warrant for [Petitioner's] arrest.

*People v. Wideman*, No. 257143, 2006 WL 445959 (Mich.Ct.App. Feb, 23, 2006). The jury convicted Petitioner of the above-stated charges.

Subsequently, Petitioner, through appointed counsel, filed a first right of appeal with the Michigan Court of Appeals, raising the following claims:

> I. The trial court abused its discretion when it denied [Petitioner's] motion for mistrial after a prosecution witness mentioned that [Petitioner's] photograph was included in the group to be viewed by the complainant because "I started showing him all of our armed robbery people in the 4th precinct, or people that we've come in contact with."
>
> II. Trial counsel was constitutionally ineffective in abandoning [Petitioner's] alibi defense and failing to call witnesses, despite filing an alibi notice.
>
> III. The trial court's instruction that the parties had stipulated that [Petitioner] was in possession of a firearm directed a verdict and/or shifted the burden of proof. Counsel's failure to object constituted ineffective assistance.
>
> IV. [Petitioner's] life sentence for assault with intent to do great bodily harm as an habitual fourth offender is a departure above his correct guideline range of 43 to 152 months, imposed without compliance with departure requirements and an abuse of discretion.

In an unpublished opinion, the Michigan Court of Appeals affirmed Petitioner's convictions but remanded for re-sentencing regarding Petitioner's armed robbery and assault with intent to do great bodily harm less than murder convictions. *People v. Wideman*, No. 257143, 2006 WL 445959 (Mich.Ct.App. Feb. 23, 2006).

Subsequently, Petitioner filed a delayed application for leave to appeal that decision in

the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals.[1]
On June 26, 2006, the Michigan Supreme Court denied Petitioner's delayed application for leave to appeal. *People v. Wideman*, 475 Mich. 889, 715 N.W.2d 885 (2006).

Thereafter, Petitioner filed the pending petition for a writ of habeas corpus, presenting essentially the same claims as raised in the state appellate courts.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's habeas corpus review of state-court decisions. Specifically, 28 U.S.C. § 2254(d) states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

Under (d)(1), a federal court may grant a writ of habeas corpus under two different clauses, both of which provide two bases for relief. Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite to that reached by

---

[1] It is unclear whether Petitioner raised or meant to raise his sentencing issue with the Michigan Supreme Court since he asked the Court to review the issues as raised in his Court of Appeals brief but then only specifically identified the three issues he was unsuccessful on with the Michigan Court of Appeals.

the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The words "contrary to" should be construed to mean "diametrically different, opposite in character or nature, or mutually opposed." *Id.*

Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts. *Williams*, 529 U.S. at 407-08. Relief is also available under this clause if the state-court decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005). The proper inquiry for the "unreasonable application" analysis is whether the state-court decision was "objectively unreasonable" and not simply erroneous or incorrect. *Williams*, 529 U.S. at 407; *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004).

In analyzing whether a state-court decision is "contrary to" or an "unreasonable application of" clearly established Supreme Court precedent, a federal court may only look to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *Williams*, 529 U.S. at 412.

With that standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

A.

Petitioner first contends that the trial court abused its discretion when it denied his motion for a mistrial which Petitioner based on Officer McDonald's alleged unresponsive testimony at trial. During Officer McDonald's testimony, the prosecution asked him about the number of photographs contained in the lineup that he showed Wallace. Officer McDonald responded as follows:

> I started showing him all our armed robbery people in the 4th precinct, or people we've come in contact with. I think we got to the–there's six per page, I think we got to the third page; so approximately 18 photos.

(Trial Tr. Vol. I, p. 153.)

Petitioner contends that the trial court's denial of the motion for mistrial denied him his federal constitutional rights to a fair trial, as the reference to his prior armed-robbery conviction was prejudicial. In essence, it appears that Petitioner's assertion boils down to an argument that prior bad acts evidence was erroneously admitted by the trial court, and that the trial court, in so allowing, abused its discretion.

Petitioner's claim regarding this issue is not cognizable. An issue concerning the admissibility of evidence or error in state procedure does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that the petitioner was denied a fundamentally fair trial. *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir.), *cert. denied*, 125 S.Ct. 126 (2004). To determine whether the admission or inadmissibility of evidence has denied a defendant's fundamental due process rights, the court should consider the extent to which the evidence is "critical" to the case, whether it "tend[s] to exculpate" the accused, and whether the evidence bears "persuasive assurances of trustworthiness." *Turpin v. Kassulke*, 26 F.3d 1392, 1396 (6th Cir. 1994) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 297 and 302 (1973)).

To the extent a petitioner's argument is based upon state law, the petitioner has failed to state a claim upon which habeas corpus relief may be granted. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A question concerning a perceived error of state law serves as a basis for habeas corpus relief only when the petitioner is denied fundamental fairness in the trial process. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Furthermore, the rulings by a state's highest court with respect to state law are binding on the federal courts. *Wainwright v. Goode*, 464 U.S. 78, 84 (1983). The Supreme Court has "reemphasize[d] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 68. The federal courts are also bound by decisions of an intermediate state appellate court unless convinced that the highest state court would decide the issue differently. *Olsen v. McFaul*, 843 F.2d 918, 929 (6th Cir. 1988).

The Michigan Court of Appeals, the last court to issue a reasoned decision in this case, found:

> We conclude that the trial court did not abuse its discretion in denying Wideman's motion for a mistrial. It is clear that the statement, taken in context, was not prejudicial. Officer McDonald stated that he showed Wallace pictures of "all our armed robbery people in the 4th precinct," but clarified the statement in saying, "or people we've come in contact with." According to Officer McDonald's other testimony, he found Wideman a block away from the scene and took his information because he fit the description of an armed robber. Therefore, it makes sense that the police would include his photograph in a lineup of contacts related to armed robberies. Because Officer McDonald's unresponsive testimony did not have any substantial likelihood of appreciably
>
> prejudicing Wideman, the trial court did not abuse its discretion when it denied Wideman's motion for a new trial.

7

*People v. Wideman*, No. 257143, 2006 WL 445959, slip op. at 2-3.

Petitioner's assertion that the trial court abused its discretion in denying the motion for mistrial, because of Officer McDonald's alleged reference to Petitioner's prior conviction for armed robbery, is not cognizable on habeas review because it does not present a constitutional issue. The admission of "prior bad acts" evidence against a habeas petitioner generally does not entitle him to habeas relief because there is no clearly established Supreme Court law which holds that a state violates a petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). As the Michigan Court of Appeals correctly concluded, there was no substantial likelihood that petitioner was unduly prejudiced by Officer McDonald's brief, unresponsive statement, in light of his full testimony and the additional testimony at trial. Accordingly, Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

B.

Petitioner next alleges that trial counsel was ineffective for abandoning Petitioner's alibi defense and failing to call witnesses, despite filing an alibi notice.

To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

With respect to the performance prong of the *Strickland* test, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove

8

deficient performance. *Strickland*, 466 U.S. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

The Michigan Court of Appeals denied Petitioner relief on his ineffective assistance of counsel claim, finding:

> We conclude that the failure of Wideman's counsel to call an alibi witness who refused to attend the trial did not constitute ineffective assistance of counsel. A defense attorney's failure to call witnesses is presumed to be trial strategy rather than ineffective assistance. A defense attorney's failure to call a witness is only considered ineffective assistance if it deprived the defendant of a substantial defense. A substantial defense is one that may have changed the outcome of the trial.
>
> Here, Wideman's alibi witness appeared on the first day of trial. She contacted defense counsel early on the second day of trial but failed to appear at the time slated for her testimony. Contrary to defense counsel's urgings, Wideman chose to stand mute. Under the circumstances, Wideman failed to substantiate his alibi and merely claims error for his counsel's failure to issue a subpoena forcing the witness' appearance. Therefore, we conclude

9

> that Wideman has failed to demonstrate ineffective assistance
> rather then (sic) trial strategy in counsel's handling of the alibi
> witness.

*People v. Wideman*, No. 257143, 2006 WL 1445959, slip op. at 3-4 (Footnotes omitted).

This Court agrees with the Michigan Court of Appeals's decision. The state appellate court properly applied *Strickland* in denying Petitioner's claim that trial counsel was ineffective in abandoning his alibi defense and failing to call witnesses. It is clear from the record that Petitioner's counsel did not provide ineffective assistance of counsel. Defense counsel did not neglect his duties in presenting an alibi defense; the witness's failure to appear cannot be attributed to counsel, and because Petitioner exercised his right not to testify, defense counsel had no evidence upon which to base an alibi defense and thus was forced to abandon it.

Against that backdrop, the Michigan Court of Appeals' decision was reasonable and supported by the record. The state court adjudications of Petitioner's claims were neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. Accordingly, Petitioner is not entitled to habeas relief on this claim.

C.

Next, Petitioner asserts that (1) the trial court's unintended representation that the prosecutor and Petitioner's defense counsel stipulated to the fact that he was in possession of a firearm for purposes of instructing the jury, regarding the elements of the charge of felon in possession of a firearm, shifted the burden of proof at trial, and, (2) Petitioner's counsel was ineffective for failing to object to the instruction.

In order for habeas corpus relief to be warranted on the basis of incorrect jury

instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned; taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *Estelle*, 502 U.S. at 72. If an instruction is ambiguous and not necessarily erroneous, it runs afoul of the Constitution only if there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution. *Id.* at 72. State law instructional errors rarely form the basis for federal habeas corpus relief. *Id.* at 71-72. Thus, "only if 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' can [the federal habeas] court grant a writ." *Baze v. Parker*, 371 F.3d 310, 327 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005).

An instruction can also be invalid if it can be viewed by the jury as shifting the burden of proving an element of the case onto the defendant, as when it instructs the jury to presume that a person intends to commit the natural, ordinary and usual consequences of his voluntary actions, *Sandstrom v. Montana*, 442 U.S. 510, 524 (1979), or to presume malice from either an unlawful act or from the use of a deadly weapon, *Yates v. Evatt*, 500 U.S. 391, 401-02 (1991). *See also Caldwell v. Bell*, 288 F.3d 838, 843 (6th Cir. 2002). If an instruction is ambiguous and not necessarily erroneous, it can run afoul of the Constitution only if there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violated the Constitution. *Estelle*, 502 U.S. at 72 and 73 n. 4.

In this case, the Michigan Court of Appeals stated in pertinent part:

> The trial court gave the jury the following instructions with respect to the felon in possession of a firearm charge:
>
> The Statute requires in that case that there be–that

11

> the person having previously been convicted of
> felony. And it was stipulated by the attorneys that
> the defendant had previously been convicted of a
> felony, and that he was in possession of a firearm.
> Those are the elements. A person having been
> previously convicted of a felony, and being in
> possession of a firearm, before his rights to possess
> a firearm were restored. And there's no evidence to
> suggest that. So, if you find that this gentleman had
> previously been convicted of a felony, and he was
> in possession of a firearm, those are the elements.
>
> Reading the jury instructions in their entirety, we conclude
> that the trial court did not commit error requiring reversal. The
> trial court merely delineated the elements of felony firearm. The
> trial court explained that Wideman stipulated to the first element
> and that he did not present any evidence on the last element. The
> trial court ended its instructions by stating that the elements of the
> crime were that Wideman was previously convicted of a felony
> and that he was in possession of a firearm. Although the
> instructions were confusing, the trial court left the factual question
> of Wideman's possession of a firearm to the jury. Moreover, the
> jury's guilty verdict on all counts indicates that it found that
> Wideman shot Wallace through the leg. It stands to reason that the
> jury was persuaded that Wideman had a firearm, and any
> confusion stemming from the felony-firearm instruction was
> harmless. Therefore, we conclude that the trial court's instructions
> fairly presented the issues to be tried and sufficiently protected
> Wideman's rights. (Citations omitted.)

*People v. Wideman*, No. 257143, 2006 WL 1445959, slip op. at 4-5.

With respect to the ineffective assistance claim, the state appellate court stated:

"Wideman also contends that defense counsel was ineffective for failing to object to the trial

court's instructions. Because Wideman has not shown error, he has failed to demonstrate

ineffective assistance for his counsel's failure to object." *People v. Wideman*, No. 257143, 2006

WL 1445959, slip op. at 5 (Citation omitted).

This Court finds that, although the trial court's instructions might appear somewhat

12

ambiguous upon a casual review, reading the instructions as a whole reveals that the jury was properly instructed on all elements of the crime and as to the applicable burden of proof at trial. Against that backdrop, Petitioner fails to establish any due process violation and is therefore not entitled to habeas corpus relief regarding this issue.

For the same reasons, with respect to his related ineffective assistance of counsel claim, the record as a whole demonstrates that defense counsel was not ineffective for failing to object to the trial court's instruction on the felon-in-possession charge because the trial court's instruction was sufficient to protect Petitioner's rights. Therefore, Petitioner is not entitled to habeas relief regarding his ineffective assistance of counsel claim based on the trial court's instructions to the jury.

D.

Finally, in the Michigan Court of Appeals, Petitioner argues that his sentence for the armed-robbery conviction and the assault-with-intent-to-do-great-bodily-harm conviction constituted improper departures from the Michigan Sentencing Guidelines. The state appellate court agreed with Petitioner, and remanded the case for re-sentencing. In his writ of habeas corpus pleadings, Petitioner appears to be raising that same issue. Respondent contends that the claim constitutes a state-law issue which lacks merit.

To the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). It is well-established that habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle*, 502 U.S. at 67-68. State courts are the final arbiters of state law

and the federal courts will not intervene in such matters. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

Additionally, although not raised by Petitioner, the Court finds that Petitioner would also not be entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261.

As noted above, Petitioner prevailed on the sentencing issue in the state courts. Habeas relief is thus not warranted on this claim.

### III.

The state court decisions in this case were not contrary to federal law, an unreasonable

application of federal law, or an unreasonable determination of the facts. Petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

s/John Corbett O'Meara  
United States District Judge

Date: February 14, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 14, 2008, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager